Jack Altura v. Appellate County of Los Angeles The California Legislature did not intend for Section 945.3 to apply to a Monell claim. Can you point to anything the Legislature said on this subject? Or is your argument based on your interpretation of the words of Section 945.3? Well, I would say it's based on both, Your Honor. It's based both on the words of the statute. It says, based upon conduct of the peace officer. It doesn't say based in part on conduct of the peace officer. The statute addresses civil actions against a peace officer or the public entity employing a peace officer. Why doesn't this indicate that the statute covers Monell claims? Because what it's referring to there is vicarious liability. This Code Section 945.3 is part of the California Tort Claims Act. In the California Tort Claims Act, claims against public employees are broadly construed. And claims against public entities through vicarious liability are also broadly construed. It just simply has to be within the course and scope of the public employee's employment. However, the statute covers actions based upon conduct of the peace officer. Such an individual does not have a Monell claim until his constitutional rights are violated by the county's officer. Why isn't the Monell claim based upon the officer's conduct? Because that would make it vicarious liability, Your Honor. The Supreme Court has repeatedly cautioned that Monell claims that a public entity may only be held liable for its own illegal acts. Counsel, the reason that the Supreme Court has had to repeatedly caution that is because it is a little confusing. Because a Monell claim, generally speaking, you can't bring it unless the officer committed a constitutional violation. So that's why people get confused and think it's vicarious liability. It's not, but it is because of, it seems like. It does seem like it's because of. And so, is your position that unless it's vicarious liability, somebody's liability can't be because of somebody else? Only vicarious liability would fit that? I'm not sure I understand your question, Your Honor. A Monell claim, you can't have a Monell claim, generally speaking, or at least for an excessive force claim. You can't have a Monell claim unless the officer actually violated somebody's constitutional rights, right? So if the officer is exonerated, generally speaking, the Monell claim goes away. Would you agree to that? No, I don't agree with that, Your Honor. And there's a case citation in my brief that says that irrespective of whether or not the individual officer is exonerated, the question is if there's a constitutional violation. Sometimes a constitutional violation may arise because of officer conduct. Who committed the constitutional violation? The officer did, right? The officer committed a constitutional violation. I understand there could be circumstances, but they seem to be more the exception than the rule. The general rule seems to be the 1983 action against the officer fails and the Monell claim fails. And no, it's not respondent superior liability. It's not vicarious liability, but it is because of, usually, and especially in the context of an excessive force claim. Well, I'm not sure I'd agree that a Monell claim usually fails if the peace officer is found to be not liable. I'm not sure I'd agree with that, Your Honor. I'm not sure why it's even a good rule. Because let's say, other than the city of Los Angeles avoiding liability in this case, why would we want to require a person to bring a Monell claim based on an individual's officer conduct when section 1945.3 barred bringing an action against the officer? For example, under your approach, if a criminal charges were pending against an individual for over two years before being dismissed, the individual would have to bring his Monell claim while charges were still pending. Why would that be a good rule? Well, I don't think we get that far, Your Honor, because that's not what the statute says. The statute says, based upon conduct of the peace officer, this is a state statute, and the plain language of the state statute controls. So whether or not it's a good rule. If the statute were that clear, you already lost in the district court, but you got a COA to come up here, both from the district court and us. So if it were really all that clear. But, you know, I see you asking for a rule to encourage people to file Monell claims before they can even file their claim against the officer and having, you know, but in this case, this guy would not, he would have been HEC barred until he got the charges dismissed, probably, right? Well, no, Your Honor, I don't agree with that. HEC only applies to extant convictions. So from the time that he's charged until the time he's convicted or acquitted, as it were, HEC doesn't apply. Yeah, but he's not in the clear when he's being held in custody on those charges. It certainly looks like he's being prosecuted. And so, you know, I mean, so you expect him to file the Monell claim, and the only way you can file the Monell claim is to put at trial the officer's conduct. And so it's, why do we want to have two trials? I don't think the court, I don't think the district court. I don't want to have no trial on this, I get that. But by the other side of it, they really, they're so, and 99.9% of the time, like Judge Van Dyke said, they're derivative, they're so intertwined, you can't really separate one from the other. So I, other, you know, I guess what I'm saying is, other than that it would be a good result for you in this case, if we interpreted the statute of limitations, it doesn't seem like a very good rule, and it doesn't seem like a rule that's clearly mandated by the statute. Well, I would disagree that it's not clearly mandated by the statute, because the legislative history and the whole framework of the California Tort Claims Act counsels that this statute is directed at peace officer conduct. Under the California Tort Claims Act, public entity direct liability has to be expressly allowed by statute. It's not like public employee liability, which is essentially coextensive with private person liability. Okay, I guess you think, all right, since you say it has to be the rule. Okay, well, you'll have to convince us of that. You already lost with one judge, but you've got to convince three more here. But let's say you're right on that. Why is it a good rule? Well, again, you're right, I'm not sure that it needs to be. Have you ever tried one of these cases? Pardon me? Have you ever tried one of these cases? One of what cases? A 1983 with a Monell claim? I personally have not, Your Honor, no. Okay. So I'd like to address one of the things that you mentioned before, Judge Callahan, which is, well, what is a pretrial detainee who's stuck on charges supposed to do? Well, there's a lot of things the pretrial detainee can do. File the lawsuit, move for a stay. I know that, in my experience, if there is a criminal charge pending, the defendant, the government, the local entity will move for a stay. And the district court has authority to respond to a stay if it's informed that their criminal charge is pending. And it may not be the most clean or the most wieldy way of dealing with the situation, but it's the only way to deal with the situation because the statute does not allow for tolling of Monell claims under this code section. It simply says, based upon conduct of the peace officer, maybe in some cases a Monell claim, the constitutional violation of a Monell claim is proved through a peace officer's conduct. Like since you're fighting this that vigorously, that either we need to agree with you and publish or we either need to not agree with you and publish so that district courts know what to do. It's not like this needs to be published. Well, if you don't think it needs to be published, I'll defer to the court's discretion on that. Okay, but the district court obviously thought you had at least enough of an issue to say, hey, take it to the appellate board. And if we don't, let's just say, let's say we don't agree with you and you lose, but we don't publish, then the same thing will just come up again. Or let's say we agree with you, but we don't publish. Then you're still going to be, it's not precedent for anything, right? Right. You're right. I think that's a fair point. I think that because no ninth circuit court has addressed this issue, I think it might be good guidance for the district courts in California to know that Monell claims are not told under the statute. And if a district court has a case where a Monell claim has been filed, but there are charges pending to either request that the parties state the claim themselves. I think, I think that's a good point, your honor. So do you think counsel, do you think that the underlying 1983 action would have been, would have been a toll? I don't your honor, but that's more of an evidentiary issue. Because we're on a motion to dismiss, we obviously have to accept all, all the pleadings, all the allegations is true. And at least for purposes of this appeal, the district court found that the allegations were sufficient to find that the excessive force claim is related to the criminal charge that the, I guess, let me make sure I'm clear what I mean by my question. Like I I'm saying that the general excessive force type claim, you would agree since 1983 looks to the, the relevant state law for statute limitations. And then also looks for tolling the general 1983 claim could be told by where the, where they're complaining of their own content, not a Monell claim, but a general 1983 claim like this one could be told by the statute. Your argument that this statute doesn't apply to Monell does not apply to the, to the, to the direct 1983 claim that, that the, that the person would bring. Right. So, so, so if that's true, it just, you end up in a weird circumstance where they'd have to bring their, they'd have to bring their Monell claim, but their 1983 claim would be told. It just creates a, it, it seems to judge Callahan's point. Like, it seems like you're making a, only this case argument, like your argument would you normally, I can't imagine that the County of Los Angeles would want this to be true that, that you can, like, for instance, your argument is that you can bring a Monell claim, even though the underlying 1983 claim doesn't have merit. And I don't think that's actually the law, but why would you want it to be a law? I don't want anything to be the law, Judge Van Dyke. That's what the law is. That's what the statute states. The law, as I understand it on Monell claim, is that you can sometimes in, in what I would call the, the exceptions, you can bring a Monell claim where the underlying officer was not found, was not found liable or there was no constitutional, but that's, that's, that's the exception. I think that rule is you generally can't. And I would think that you would like that rule as the County. Well, yeah, yes, I agree with your honor. I would, I would like that rule, but I don't know. But you don't think that's the rule, the general rule? No, no, your honor. I think that that a peace officer's liability is separate and apart from the requirement of a constitutional violation supporting Monell claim. The case law is replete with examples. And especially from this circuit, that a peace officer's liability is a separate inquiry from whether or not there's a constitutional violation sufficient to support a Monell claim. There's qualified immunity. There's good faith. There's case law that shows that the collective inaction of a municipality is sufficient to support a constitutional violation. There is no requirement at all. In any case law that I've seen that a peace officer must be found liable in order to support a Monell claim. That's just simply not the rule. But counsel, if the Monell claim went by itself to trial, wouldn't the plaintiff have to put on some evidence that the officers violated his rights? Well, no, not necessarily, Judge Bumate. The plaintiff would have to show that his constitutional rights were violated. Correct. And how would he show that without showing officer conduct? Well, it would depend on the case. Right. So in this case, he's alleged that it's based off of the fact that the two officers use excessive force on him, isn't it? Well, in this specific case, yes, I agree that he would likely need to show that the two officers in this case violated his constitutional rights. So how does this not implicate the statute that says it's based off of officer conduct? Right. Well, just because the constitutional violation in this case is alleged to be because of the peace officer conduct doesn't change the In other words, what constitutes a constitutional violation supporting Monell claim doesn't mean that the Monell claim is based upon conduct of the peace officer. And I think the Supreme Court precedent clearly shows that it's not based upon conduct of the peace officer, irrespective of where the constitutional violation may have arisen from. That may be the case in general, but in this case, it is based off of the officer's conduct. You would agree with that? The constitutional violation is alleged to have been created by the peace officer's actions. Okay. Exactly. And in most cases, the city of Los Angeles from the U.S. Supreme Court says if a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point. And so generally speaking, maybe you're thinking of some futuristic scenario where the city's regulations send robots around that are violating people's constitutional rights or whatever, but generally speaking, it's officers that are accused of violating their rights and that the city's wrong training. So I don't understand your position, I guess, that both in this case and in the general case, not every case, but in this case and in the general case, the Manell violation is related to the officer's actions. So to answer your question, Judge Van Dyke, a constitutional violation may be committed by a medical professional in a jail, maybe committed by the fire department. I don't believe they're peace officers and there doesn't need to be a specific person who violates an individual's constitutional rights. There was a case that I cited. Well, both those examples you just gave me were specific people. I think if you want to use the RoboCop example or something like that, like maybe, maybe that or something, but it'd be far fetched. It would be far fetched. Generally, it's a person. Well, yes. For the most part, if it were, if say, like if it were someone a doctor in a jail or something like that, the doctor still has to do some, it's been generally based on the doctor doing something wrong. If the doctor did nothing wrong, how could the training be a basis for the Manell claim? Yes, Judge Callahan. I generally agree with what you're saying. I guess what I'm trying to indicate is that to have a role that, that the district court has to make an inquiry into whether or not the specific constitutional violation was based upon peace officer conduct is based partly upon peace officer conduct, partly based on a medical professional, probably based on the public entities conduct partly based upon the, the peace officer conduct. That'd be an overly complicated legal framework to try to impose upon the district courts, especially when the statute itself simply says based on conduct of the peace officer. And in the framework of the California tort claims act, that means that it has to be just the peace officer because the legislative history shows that they're concerned about investigation, arrest, detention, that there, there was no evidence in the legislative history indicating that they were I think we've kind of beat this dead horse here and we're in overtime, but I will still give you a, we've asked you a lot of questions. So with the permission of my colleagues, I'm going to just give them two minutes on rebuttal and let's hear what Mr. Glickman has to say in response. There you go. Thank you, your honors. And you know, I think that the record, no, I said it just because it's a recording. Okay. Stephen Glickman for Mr. Lockett. Thank you. And good morning. You know, I think that the question is hit the nail right on the head. The Monell claim has been held consistently, starting with the city of LA versus Heller to be intertwined with the underlying civil rights claim. Have you tried any of these cases? I have not. Well, okay. So you've got, you've got a panel of like, all right, I was a trial lawyer. I am envisioning these would always be tried together. All right. There would be no, because of the intertwining, you would still have to put evidence from one or the other. And I, it's hard for me to believe that people that bring these lawsuits would want to do two separate trials at that kind of cost. It's hard for me to believe that the, that the cities that are defending the officers and the Monell claims would want to do two separate lawsuits. So on the ground, the practical side of this, I'm not getting any practical help from, from people. So I guess it's. Well, but you know, we've given this a lot of thought and going through this and, and we had judge Walsh's input who I think has tried a number of these cases and he, he said, no, you try these cases together. You try the underlying case first, and then typically cases resolved before the Monell cases are. And, and that's what judge Walsh had told us when he was ruling on this, on this motion. And I think one thing that judge Walsh also looked at was the fundamental fairness aspect of this, which I think that you asked about in your question. And I mean, he asked, and this was, this was from the record when we were arguing this, he said, the dilemma is that Lockett, the defendant can't proceed on a Monell claim while he's in custody because we won't let him. But your view asking Mr. Alterra is that the statute of limitations is running. And Mr. Alterra said, yes. And judge Walsh said, does that sound fair to you? If we go back to federal rule of civil procedure one, we are to interpret the rules fairly, basically to bring justice. And you believe that would be justice. And Mr. Alterra said, your honor, the way you phrase it, it certainly doesn't sound just and it doesn't. And I think that, that your honors have hit the nail straight on the head. That since Howard was, was, was, was the trial judge correct that while he was in custody, he couldn't have brought his claim. I think judge Callahan asked, your opposing counsel about whether or not he would be heck barred. So I want to start there. Well, I think, would he be heck barred from bringing his 1983 or the Monell claim while he was charged before. Yeah. The 1983 claim he could not bring, but, but under that, I think so. But theoretically he could bring them a no claim, but then as ever, as everybody has said, all that would happen is it would be stayed and, and it would be told. And so we have a tolling statute that reaches the exact same result without having to file a claim without having to have judicial activity and, and reaches the same result for the same reason, recognizing that these cases are intertwined. So can I ask you this question? So it sounds like you're saying he would, the Monell claim wouldn't necessarily be heck barred, but he, but the, but the 1983 claim would be until the charge was dismissed. Do you think that section 19 9 45 3 would bar his claim or because of the sovereign, you know, the sovereignty clause? I don't show, I'm not sure that the, the California can pass a law barring a a claim like that. So the first question I have is would it, would it bar his claim? It sounds like heck would maybe. So maybe it's what I'm asking. I don't know, but would 9 9 45 3. I'm not sure that it bars the claim as much as, as we, as we borrow the state tolling and state. Here's why I'm asking the question. Cause if it doesn't bar the claim, which I think I'm not sure it would because of the sovereign, the sovereignty clause, then why the tolling is predicated on the idea that your claim is going to be barred during this. So that's why they give you tolling. Right. And so it seems like 1983 reaches in and it borrows, it borrows statute of limitations and it also borrows tolling provisions right from state law. But, but, and I don't know that there's any case law on this, but it seems a little weird that you would borrow a tolling provision when the from state law that was predicated on the idea that you couldn't bring your claim if you weren't actually barred from bringing your claim by state law. I don't know if there's any cases saying, yeah, well we don't, you know, 1983 doesn't borrow tolling in that instance because it's not applicable because your 1983 claim wasn't, but you see the problem there. I see. And I don't, I don't see. And in research, I haven't found a case that talks about that. Well, and just, I don't really want to bring, I don't like pulling anyone's bacon out of the fire. You know, I'm not here to save anyone. And so I told that to Ms. Jaltura. And I'm going to say, I'm going to kind of, I'm going to play trial lawyer here and hit you on the other side. It appears that the district court in essence reinstated Mr. Lockett's Monell claim after you waived it. If Mr. Lockett abandoned his Monell claim. Cause you said, Oh no, the statutes, you know, and then this whole thing has been. Right. We made a mistake. And, uh, and I, Pull your bacon out of the fire. Yes, please. Uh, I'm not sure. I'm not sure we waived it. We, we agreed with it, but then, uh, judge, um, I think, I think judge, uh, Walsh said that he, uh, gave us some gentle nooching and I know you asked about, uh, what the, uh, I G I J's do in the other cases. And I think that he did recognize the fact that perhaps we had made a mistake and we agreed with him that we made a mistake. And it was certainly briefed extensively after the initial mistake that we made on that issue. What was the basis of the mistake? From this standpoint with, uh, I'm going to assume, all right, I, you both appear to be very intelligent people that are prepared to be here today. So I don't want to be overly harsh as far as that goes, but, and, but, and, and the district judge did say that this should go up and let's let three people look at it. It just, you know, while each, each of you want to make it easy peasy, it just isn't easy peasy, you know, that's why. And, and, and so if you want to say you made a mistake, it, it, it wasn't an unreasonable mistake based on, there's just nothing exactly out there. And so the clarity that each of you say that the statute has is it just probably is not as clear. I agree with you with the same thing here, right? I don't, I agree. I don't think the statute is clear on this issue, but I think that the law makes it clear that we have from the Supreme court through the ninth circuit. And as I was reading the reply brief, I was, and I said, wait a second, the ninth circuit has repeatedly held how intertwined the Monell case is with the underlying civil rights case. Here's where I find myself, Mr. Glickman that it, you know, the legislature can do a lot of very stupid things or they can do things that say that they say it. And it's not it. And I think you probably have three judges here that are going to say we're not going to do their job if they did it. If, and, but it seems really clear to me what's the good role here, what would be the role that would make sense on the ground, but do we make the good role if the statute just did it wrong? Right. Well, I think that we, the Supreme court has told us multiple, ninth circuit cases have told us that the Monell claim is so intertwined with the civil rights under underlying claim against the officer. I even looked when I found out who the panel was, I said, have any of the judges on our panel address this issue? And I was able to find at least five cases since 2007, unreported cases where a judge Callahan has addressed how the, was on a panel where the Monell claim was intertwined with the underlying civil rights claim. And I can give you those sites if you'd like, but I've been a regular 1983 Monell kind of person. Yes. I think that you all have a lot of experience with this. And I think that the practical aspect of this is what the, what the California courts have looked at. And I may mispronounce the case, but the case I'm going to call it damn John of it. That is the California case. Damn John of it versus Ambrose that talks about the policy behind this statute. And the policy is to eliminate the use of civil claims and plea bargaining levers and to prevent the use of civil suits as a device to inquire into prosecutorial materials and investigative information while the criminal charges pending. Now we can all say, well, yes, it would have been stayed, but maybe it might not have been. And certainly with that hammer holding over the governmental entity, while the criminal charge is pending of the Monell claim, where the Monell claim is going to open up a whole can of worms for the entity. I mean, just look at what's been in the press recently about the executioner's gang. That's this gang that was involved in this case. So I hear your, I hear your, I hear your argument, but there's one like little missing thing I think for your argument, which is even if we were ruled in your favor, you get to have your cake and eat it too, I think, because you, you get told, but you're not actually, you know, you're arguing like it makes sense to wait to bring your Monell claim, but you would get to bring it right. You wouldn't actually, you might get stayed as you said, but you're not actually barred from bringing your Monell claim. So your, your current argument that says this is good policy is kind of predicated on the idea that, well, they should wait to take to bring their Monell claim, but you're not, you're not actually this, this statute doesn't actually keep you from being able to bring your Monell claim right away. Right. You could file it right away. Well, let me ask you this. And since we're talking practicality, if you do the, if can a person get a lawyer when they can't bring the 1983 claim and then, and the lawyers then going to say, well, I'll file them and now claim for you. Yeah. I mean, could you theoretically? Sure. But practically, practically, you wouldn't take that. No, not at all. And, and, and, and just one other point about this you know, this, the only ruling the court made was just on the tolling under 945.3. We had other arguments as well. And one of them was that this whole evidence about the gang didn't come out until may of 2018. And so the tolling is, I mean, if you were to reverse on the tolling, we'd go back to the court and we'd have to address these other issues. And one of them is locket. Didn't know about anything about these gangs until it came out after may of 2018, you filed this lawsuit two months after that. So, I mean, the practical effect is that his case going forward, no matter what. Counsel, Mr. Alter mentioned that there, there might be a 1% chance of a Monell claim, which didn't involve a police officer's conduct. Do you agree with that? And if so, what would the, what should be the rule that we announced if you were to agree with you on the reading of this 945.3? And I'm honestly, I'm not sure about that. I, I, I really haven't, you know, thought about exception to the rule. I think that. Some of these cases maybe were prosecutors where they, they claim that Brady violations, and then they sue the counties for failure to train and all of the, that those types of things that arguably, if say that the County didn't train people on what a break, you know, what they have to discover and all of those types of things, maybe the prosecutor might have have some sort of immunity, but the County wouldn't for not training people for, I don't know. I think they get complicated how these things, where they're at. I think that the broad rule has to be consistent with Heller that you can't have a Monell claim unless you also have the underlying civil rights claim against an officer. And, and that's what we have here. And that's what the ninth circuit has repeatedly said. And, and, you know, reported decisions and unreported decisions that that's the law and it's intertwined so tightly, especially as shown by this case that you can't separate it out. I'll submit there's any other questions. The other questions. All right. All right. Since we asked you so many questions and tech, we used up all your rebuttal time. I'm going to give you two minutes for a rebuttal. You guys need to unmute yourself. It'll be two quiet minutes if, unless you unmute yourself. Thank you, judge. God, I'd like to address a couple of quick issues. So 945.3, no longer bars a litigant from bringing an excessive force claim under 1983. That's the Harding v. Galceron case, which held that the barring aspect of the statute is inconsistent with supremacy clause. So there's nothing stopping a pretrial detainee and incarcerated person from filing a lawsuit that alleges excessive force and Monell. There's no reason to have two separate trials. The only point is, well, the district court said that, that, that heck would stop them. And I, I'm not quite sure, but I thought that heck will bar you, can bar you even when you've been charged. I thought it could. So let's just, if heck bars, then it's kind of a, this is kind of a mood issue just because the state statute doesn't do it. If heck bars, then you're, you're, you're barred. Heck does not bar your honor. And I'll direct the court's attention to Bradford v. Well, F3D 382. And that's on page 30 of my opening brief. Heck only applies to extant convictions. It does not apply to mere charges. It does not apply to pretrial detainees. Heck has no applicability in this case. And I'd also like to address this issue of fundamental fairness. This is not a question of equity in my mind. This is not a question of fairness. This is a question of statutory interpretation and whether or not a Monell claim is intertwined or needs a peace officer violation of the law, of the constitution to support a Monell claim. At the end of the day, the ultimate issue is what does the California legislature intend? And what it intended is that claims based upon peace officer conduct like investigation, like arrest, like detention, those are the claims that are told claims based on peace officer conduct are not told to finally address one issue by the court, what the court should practically do. Practically, perhaps the court could determine that the statute does not intend for Monell claims to be told, but that in a case where a claim is brought, a Monell claim is brought to instruct the district courts that it has to be stayed until the charges are dropped or resolved. That's, that's a practical solution that I can come. But that kind of argues against you because then they're completely intertwined. If you admit that they can't go forth, that they have, if we told the district courts, you have to stay at when they bring it, we're essentially saying it's completely dependent on what happens on the 1983. And you're saying it's not that they're separate and apart. So yeah, you're asking for an advisory opinion on that. Just saying, well, let me win on the statute, but then tell district courts, this is how you handle it when it's, you know, at, at bottom, I want to unless my colleagues have any more questions, we've used all our time at bottom. I'm just going to say for myself, thank you both for your argument. This is not an easy case. And so I think you've both, you know, done an admirable job of giving us your perspectives. Thank you. And you'll, you'll hear from us at some point. Thank you very much. All right. I think if I am correct, that's our last matter on calendar. I have to go back and look at my calendar. Am I right on that? Yes, you are. All right. So that will then put us in recess until tomorrow morning at nine o'clock. Thank you.
judges: Callahan, Bumatay, Vandyke